**Joe R. SUTPHEN and Wife, Marjorie Sutphen and Joe B. R. Sutphen, Jr., Appellants,**

**v.**

**J. B. HOSKINS, Jr. and Retha Martin, Appellees.**

**No. 7925.**

Court of Civil Appeals of Texas.

Amarillo.

May 12, 1969.

Rehearing Denied June 9, 1969.

---

Linn, Helms & Countiss and Richard N. Countiss, Spearman, for appellants.

Crenshaw, Dupree & Milam and R. K. Harty, Lubbock, for appellees.

JOY, Justice.

Summary judgment for plaintiffs appealed by defendants.

The parties are designated here as they appeared in the trial court. Fred E. West and defendants entered into a written lease contract dated April 15, 1966, in Lubbock, Texas, whereby defendants, as lessees, were to operate a restaurant. The contract provided for a five-year term with an option to renew by the defendants. Plaintiffs herein acquired the leased property through purchase, along with the lessor's interest in the contract. Defendants operate a number of restaurants called "SUTPHENS" which serve "family style" meals. On December 13, 1967, defendants vacated the leased premises and paid no more rentals on the contract after December 15, 1967. After demand was made for rental payments, plaintiffs filed a suit for past due monthly rental payments plus attorney fees and possession of the property. Plain-

tiffs filed a motion for summary judgment which was granted by the trial court.

Defendants raise only one point of error in this appeal and that being in substance that material disputed issues were raised for the determination of the finder of facts. The material part of the lease contract involved reads as follows:

"Sec. VII. Lessees agree to comply with all applicable laws and ordinances and all orders and regulations of the duly constituted officials respecting the conditions or use of said premises, provided however, if it becomes impossible to operate a restaurant due to laws or ordinances or restrictive covenants on the premises then Lessees shall no longer be obligated under this lease."

Defendants contend that by ordinances of the City of Lubbock they were prevented from operating the restaurant in their usual manner and were excused from performance under the lease by Sec. VII. Ordinance No. 4755 of the City of Lubbock relied upon by defendants reads in part as follows:

"2. FOOD PROTECTION: All food while being stored, prepared, displayed, served, or sold at food-service establishments, or during transportation between such establishments shall be protected from contamination. All perishable food shall be stored at such temperatures as will protect against spoilage. All potentially hazardous food shall be maintained at safe temperatures (45° F. or below, or 140° F. or above), except during necessary periods of preparation and service. Raw fruits and vegetables shall be washed before use. Stuffings, poultry, stuffed meats and poultry, and pork and pork products shall be thoroughly cooked before being served. Individual portions of food once served to the customer shall not be served again. Provided, that wrapped food which has not been unwrapped and which is wholesome may be re-served."

Defendants by pleadings and affidavits contended that by reason of the ordinances quoted that the escape clause of Sec. VII of the lease became effective. Defendants contended (1) that a representative of the City of Lubbock demanded that a shed or cover over an outside barbecue pit be removed and (2) that the City of Lubbock, through a representative of its Health Department, instructed defendants that they could not serve barbecue in the Sutphen manner. The defendants further alleged that part of the success of Sutphen's was their method of serving food known as "family style."

Rule 166–A, Texas Rules of Civil Procedure provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and movant is entitled to judgment as a matter of law. Any doubts as to the existence of a genuine issue of fact are resolved against movant and the evidence is viewed from the most favorable standpoint of the opposing party. All conflicts in the evidence are disregarded and the evidence supporting the opponent of the motion is taken as true. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Sup.Ct.1965) citing numerous cases.

Appellants do not contend that the lease contract is ambiguous. Nor do they contend fraud, mistake or any matter that might vitiate the contract. The construction of a contract, absent any ambiguity, is a matter of law for the court. 13 T.J.2d, Sec. 110, P. 263, and numerous cases cited. The escape clause of the contract states simply and clearly that in the event "it becomes impossible to operate a restaurant due to laws or ordinances or restrictive covenants" then the lessee had no further obligations under the contract. Defendants do not contend that they were prohibited from operating a restaurant, but that they could not serve "family style" meals. The cited ordinance does not prohibit the serving of "family style" meals.

The ordinance recites certain rules for handling foods in order to protect the food from contamination. No attack is made by defendants upon the ordinance, nor have defendants pointed out in their brief any specific part of the ordinance that might apply to relieve them of their obligations under the lease contract. The contract being clear and unambiguous, we find no genuine issue of a material fact, and that the action of the trial court was proper.

The judgment of the trial court is affirmed.